William S. Klein, Esq. (SBN 121792)
wklein@hopkinscarley.com
Robert A. Christopher (SBN 89035)
rchristopher@hopkinscarley.com
Tod C. Gurney (State Bar No. 199813)
tgurney@hopkinscarley.com
HOPKINS & CARLEY
A Law Corporation
The Letitia Building
70 South First Street
San Jose, CA  95113-2406

*E-FILED 1/16/07*

***mailing address:***
P.O. Box 1469
San Jose, CA 95109-1469
Telephone:     (408) 286-9800
Facsimile:      (408) 998-4790

Attorneys for Plaintiff/Defendant/Third-Party
Plaintiff GLASFORMS, INC., a California
corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DONG AH TIRE & RUBBER CO., LTD., a Korean Corporation,<br><br>                    Plaintiff,<br><br>          v.<br><br>GLASFORMS, INC., a California corporation,<br><br>                    Defendant/Third-Party Plaintiff.<br><br>          v.<br><br>CTG INTERNATIONAL (NORTH AMERICA) INC., an Indiana Corporation; TAISHAN FIBERGLASS, INC., a corporation organized under the laws of the People's Republic of China,<br><br>                    Third-Party Defendants. | CASE NO. C 06-03359 JF (RS) (Consolidated With Case No.  C 06-00213 JF (RS))<br><br>**STIPULATION AND [PROPOSED] PROTECTIVE ORDER** |

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

000\466585.5

1    1. <u>PURPOSES AND LIMITATIONS</u>

2         Disclosure and discovery activity in the above-entitled consolidated cases (collectively

3    referred to hereinafter as the "Action") are likely to involve production of confidential,

4    proprietary, or private information for which special protection from public disclosure and from

5    use for any purpose other than prosecuting this litigation would be warranted.  Accordingly, the

6    parties hereby stipulate to and petition the court to enter the following Stipulated Protective

7    Order.  The parties acknowledge that this Order does not confer blanket protections on all

8    disclosures or responses to discovery and that the protection it affords extends only to the limited

9    information or items that are entitled under the applicable legal principles to treatment as

10   confidential.  The parties further acknowledge, as set forth in Section 10, below, that this

11   Stipulated Protective Order creates no entitlement to file confidential information under seal;

12   Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards

13   that will be applied when a party seeks permission from the court to file material under seal.

14        2. <u>DEFINITIONS</u>

15            2.1    <u>Party</u>: any party to this Action, including all of its officers, directors,

16   employees, consultants, retained experts, and outside counsel (and their support staff).

17            2.2    <u>Disclosure or Discovery Material</u>: all items or information, regardless of

18   the medium or manner generated, stored, or maintained (including, among other things,

19   testimony, transcripts, or tangible things) that are produced or generated in disclosures or

20   responses to discovery in this matter.

21            2.3    <u>"Confidential" Information or Items</u>: information (regardless of how

22   generated, stored or maintained) or tangible things that qualify for protection under standards

23   developed under F.R.Civ.P. 26(c).

24            2.4    <u>"Highly Confidential – Attorneys' Eyes Only" Information or Items</u>:

25   extremely sensitive "Confidential Information or Items" whose disclosure to another Party or

26   nonparty would create a substantial risk of serious injury that could not be avoided by less

27   restrictive means.

28            2.5    <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

000\466585.5                           - 2 -

1    from a Producing Party.

2            2.6    <u>Producing Party</u>: a Party or non-party that produces Disclosure or

3    Discovery Material in this Action.

4            2.7.    <u>Designating Party</u>: a Party or non-party that designates information or

5    items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly

6    Confidential — Attorneys' Eyes Only."  The parties anticipate subpoenaing records and other

7    information from third parties that may be proprietary in nature.  Non-parties are expressly

8    entitled to produce information in this litigation subject to the protections of this order.

9            2.8    <u>Protected Material</u>: any Disclosure or Discovery Material that is designated

10   as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

11           2.9.    <u>Outside Counsel</u>: attorneys who are not employees of a Party but who are

12   retained to represent or advise a Party in this Action.

13           2.10   <u>House Counsel</u>: attorneys who are employees of a Party.

14           2.11   <u>Counsel (without qualifier)</u>: Outside Counsel and House Counsel (as well

15   as their support staffs).

16           2.12   <u>Expert</u>: a person with specialized knowledge or experience in a matter

17   pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert

18   witness or as a consultant in this Action and who is not a past or a current employee of a Party or

19   of a competitor of a Party and who, at the time of retention, is not anticipated to become an

20   employee of a Party or a competitor of a Party.  This definition includes a professional jury or

21   trial consultant retained in connection with this litigation.

22           2.13   <u>Professional Vendors</u>: persons or entities that provide litigation support

23   services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations;

24   organizing, storing, retrieving data in any form or medium; etc.) and their employees and

25   subcontractors.

26       3. <u>SCOPE</u>

27           The protections conferred by this Stipulation and Order cover not only Protected Material

28   (as defined above), but also any information copied or extracted therefrom, as well as all copies,

1  excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by

2  parties or counsel to or in court or in other settings that might reveal Protected Material.

3      4. <u>DURATION</u>

4      Even after the termination of this litigation, the confidentiality obligations imposed by this

5  Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order

6  otherwise directs.

7      5. <u>DESIGNATING PROTECTED MATERIAL</u>

8      5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>.

9  Each Party or non-party that designates information or items for protection under this Order must

10  take care to limit any such designation to specific material that qualifies under the appropriate

11  standards.  A Designating Party must take care to designate for protection only those parts of

12  material, documents, items, or oral or written communications that qualify – so that other portions

13  of the material, documents, items, or communications for which protection is not warranted are

14  not swept unjustifiably within the ambit of this Order.

15      Mass, indiscriminate, or routinized designations are prohibited.  Designations that are

16  shown to be clearly unjustified, or that have been made for an improper purpose (*e.g.*, to

17  unnecessarily encumber or retard the case development process, or to impose unnecessary

18  expenses and burdens on other parties), expose the Designating Party to sanctions.

19      If it comes to a Party's or a non-party's attention that information or items that it

20  designated for protection do not qualify for protection at all, or do not qualify for the level of

21  protection initially asserted, that Party or non-party must promptly notify all other parties that it is

22  withdrawing the mistaken designation.

23      5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this

24  Order (*see, e.g.*, second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered,

25  material that qualifies for protection under this Order must be clearly so designated before the

26  material is disclosed or produced.

27      Designation in conformity with this Order requires:

28      (a)  For information in documentary form (apart from transcripts of

1   depositions or other pretrial or trial proceedings), that the Producing Party affix the legend

2   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the top

3   or bottom of each page (as convenient) that contains protected material.  If only a portion or

4   portions of the material on a page qualifies for protection, the Producing Party also must clearly

5   identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must

6   specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or

7   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

8            A Party or non-party that makes original documents or materials available

9   for inspection need not designate them for protection until after the inspecting Party has indicated

10  which material it would like copied and produced.  During the inspection and before the

11  designation, all of the material made available for inspection shall be deemed "HIGHLY

12  CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the

13  documents it wants copied and produced, the Producing Party must determine which documents,

14  or portions thereof, qualify for protection under this Order, then, before producing the specified

15  documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or

16  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") at the top or bottom of each page

17  (as convenient) that contains Protected Material.  If only a portion or portions of the material on a

18  page qualifies for protection, the Producing Party also must clearly identify the protected

19  portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each

20  portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY

21  CONFIDENTIAL – ATTORNEYS' EYES ONLY").

22           (b)  For testimony given in deposition or in other pretrial or trial

23  proceedings, that the Party or non-party offering or sponsoring the testimony identify on the

24  record, before the close of the deposition, hearing, or other proceeding, all protected testimony,

25  and further specify any portions of the testimony that qualify as "CONFIDENTIAL" or

26  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  When it is impractical to

27  identify separately each portion of testimony that is entitled to protection, and when it appears

28  that substantial portions of the testimony may qualify for protection, the Party or non-party that

1   sponsors, offers, or gives the testimony may invoke on the record (before the deposition or

2   proceeding is concluded) a right to have up to 20 days thereafter to identify the specific portions

3   of the testimony as to which protection is sought and to specify the level of protection being

4   asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

5   ONLY"). Only those portions of the testimony that are appropriately designated for protection

6   within the above-described 20 day period shall be covered by the provisions of this Stipulated

7   Protective Order.

8             Transcript pages containing Protected Material must be separately bound

9   by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL"

10  or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or

11  nonparty offering or sponsoring the witness or presenting the testimony.

12            (c) For information produced in some form other than documentary, and

13  for any other tangible items, that the Producing Party affix in a prominent place on the exterior of

14  the container or containers in which the information or item is stored the legend

15  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only

16  portions of the information or item warrant protection, the Producing Party, to the extent

17  practicable, shall identify the protected portions, specifying whether they qualify as

18  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If

19  affixing the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

20  ONLY" legends on non-documentary tangible items would not be reasonably practical (e.g.,

21  machinery, facilities, production lines, etc.), then counsel for the Designating Party may make

22  any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

23  designations of such items in writing before or during the inspection of such items.

24            5.3   Inadvertent Failures to Designate. If timely corrected, an inadvertent

25  failure to designate qualified information or items as "CONFIDENTIAL" or "HIGHLY

26  CONFIDENTIAL – ATTORNEYS' EYES ONLY" does not, standing alone, waive the

27  Designating Party's right to secure protection under this Order for such material. If material is

28  appropriately designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

1   ATTORNEYS' EYES ONLY" after the material was initially produced, the Receiving Party, on

2   timely notification of the designation, must make reasonable efforts to assure that the material is

3   treated in accordance with the provisions of this Order.

4      6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

5      6.1   <u>Timing of Challenges</u>.  Unless a prompt challenge to a Designating Party's

6   confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary

7   economic burdens, or a later significant disruption or delay of the litigation, a Party does not

8   waive its right to challenge a confidentiality designation by electing not to mount a challenge

9   promptly after the original designation is disclosed.

10      6.2   <u>Meet and Confer</u>.  A Party that elects to initiate a challenge to a

11   Designating Party's confidentiality designation must do so in good faith and must begin the

12   process by conferring directly with counsel for the Designating Party.  In conferring, the

13   challenging Party must explain the basis for its belief that the confidentiality designation was not

14   proper and must give the Designating Party an opportunity to review the designated material, to

15   reconsider the circumstances, and, if no change in designation is offered, to explain the basis for

16   the chosen designation.  A challenging Party may proceed to the next stage of the challenge

17   process only if it has engaged in this meet and confer process first.

18      6.3   <u>Judicial Intervention</u>.  A Party that elects to press a challenge to a

19   confidentiality designation after considering the justification offered by the Designating Party

20   may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule

21   79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the

22   challenge.  Each such motion must be accompanied by a competent declaration that affirms that

23   the movant has complied with the meet and confer requirements imposed in the preceding

24   paragraph and that sets forth with specificity the justification for the confidentiality designation

25   that was given by the Designating Party in the meet and confer dialogue.

26      The burden of persuasion in any such challenge proceeding shall be on the

27   Designating Party.  Until the court rules on the challenge, all parties shall continue to afford the

28   material in question the level of protection to which it is entitled under the Producing Party's

1    designation.

2          7.   ACCESS TO AND USE OF PROTECTED MATERIAL

3          7.1    Basic Principles.  A Receiving Party may use Protected Material that is

4    disclosed or produced by another Party or by a non-party in connection with this case only for

5    prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be

6    disclosed only to the categories of persons and under the conditions described in this Order.

7    When the litigation has been terminated, a Receiving Party must comply with the provisions of

8    section 11, below (FINAL DISPOSITION).

9          Protected Material must be stored and maintained by a Receiving Party at a

10   location and in a secure manner that ensures that access is limited to the persons authorized under

11   this Order.

12         7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise

13   ordered by the court or permitted in writing by the Designating Party, a Receiving Party may

14   disclose any information or item designated CONFIDENTIAL only to:

15         (a) the Receiving Party's Outside Counsel of record in this Action, as well

16   as employees of said Counsel to whom it is reasonably necessary to disclose the information for

17   this litigation, who are bound by the terms of this order by the signature of their respective

18   counsel herein;

19         (b) the officers, directors, and employees (including House Counsel) of the

20   Receiving Party to whom disclosure is reasonably necessary for this litigation and who have

21   signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

22         (c) Experts (as defined in this Order) of the Receiving Party and their staff

23   to whom disclosure is reasonably necessary for this litigation and who have signed the

24   "Agreement to Be Bound by Protective Order" (Exhibit A);

25         (d) the Court and its personnel;

26         (e) court reporters, videographers, their staffs, and professional vendors to

27   whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement

28   to Be Bound by Protective Order" (Exhibit A);

1      (f) during their depositions, witnesses in the Action to whom disclosure is

2 reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order"

3 (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions that reveal

4 Protected Material must be separately bound by the court reporter and may not be disclosed to

5 anyone except as permitted under this Stipulated Protective Order;

6      (g) the author of the document, any indicated recipient of the document, the

7 original source of the information;

8      (h) any person acting as a neutral in any alternative dispute resolution

9 process, including said neutral's staff, in which the parties jointly participate in connection with

10 this Action;

11      (i) claims representatives and other employees of liability insurance

12 carriers for any Receiving Party to whom disclosure of Protected Material is reasonably necessary

13 for proper handling of claims arising from the subject matter of the Action, and who have signed

14 the "Agreement to Be Bound by Protective Order" (Exhibit A); and,

15      (j) any other person to whom a party wishes to disclose any material

16 designated as "CONFIDENTIAL" and who has signed the "Agreement to Be Bound By

17 Protective Order" (Exhibit A) upon the written consent of the designating party, which is not to

18 be unreasonably withheld, or upon further order of the court.

19      7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

20 ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in writing by

21 the Designating Party, a Receiving Party may disclose any information or item designated

22 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

23      (a) the Receiving Party's Outside Counsel of record in this Action, as well

24 as employees of said Counsel to whom it is reasonably necessary to disclose the information for

25 this litigation, who are bound by the terms this order by the signature of their respective

26 counsel herein ;

27      (b) Experts (as defined in this Order) and their staff (1) to whom disclosure

28 is reasonably necessary for this litigation, and (2) who have signed the "Agreement to Be Bound

1    by Protective Order" (Exhibit A);

2            (c) the Court and its personnel;

3            (d) court reporters, videographers, their staffs, and professional vendors to

4    whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement

5    to Be Bound by Protective Order" (Exhibit A);

6            (e) the author of the document, any indicated recipient of the document, or

7    the original source of the information;

8            (f) during their deposition, (1) people who are familiar with information,

9    documents, or testimony designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

10   ONLY" and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A) and

11   (2) representatives of the party making the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

12   ONLY" designation.  Pages of transcribed deposition testimony or exhibits to depositions that

13   reveal Protected Material must be separately bound by the court reporter and may not be

14   disclosed to anyone except as permitted under this Stipulated Protective Order;

15           (g) any person acting as a neutral in any alternative dispute resolution

16   process, including said neutral's staff, in which the parties jointly participate in connection with

17   this Action;

18           (h) claims representatives and other employees of liability insurance

19   carriers for any Receiving Party to whom disclosure of Protected Material is reasonably necessary

20   for proper handling of claims arising from the subject matter of the Action, and who have signed

21   the "Agreement to Be Bound by Protective Order" (Exhibit A); and,

22           (i) any other person to whom a party wishes to disclose any material

23   designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and who has signed

24   the "Agreement to Be Bound By Protective Order" (Exhibit A) upon the written consent of the

25   designating party, which is not to be unreasonably withheld, or upon further order of the court.

26       8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER</u>

27   <u>LITIGATION.</u>

28       If a Receiving Party is served with a subpoena or an order issued in other litigation that

1  would compel disclosure of any information or items designated in this Action as

2  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the

3  Receiving Party must so notify the Designating Party, in writing (by fax or email, if possible)

4  immediately and in no event more than three court days after receiving the subpoena or order.

5  Such notification must include a copy of the subpoena or court order.

6      The Receiving Party also must immediately inform in writing the person or entity who

7  caused the subpoena or order to issue in the other litigation that some or all the material covered

8  by the subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party

9  must deliver a copy of this Stipulated Protective Order promptly to the person or entity in the

10  other action that caused the subpoena or order to issue.

11      The purpose of imposing these duties is to alert the interested parties to the existence of

12  this Protective Order and to afford the Designating Party in this case an opportunity to try to

13  protect its confidentiality interests in the court from which the subpoena or order issued.  The

14  Designating Party shall bear the burdens and the expenses of seeking protection in that court of its

15  Protected Material – and nothing in these provisions should be construed as authorizing or

16  encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

17      9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

18      If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

19  Material to any person or in any circumstance not authorized under this Stipulated Protective

20  Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

21  unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c)

22  inform the person or persons to whom unauthorized disclosures were made of all the terms of this

23  Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to

24  Be Bound" that is attached hereto as Exhibit A.

25      10. FILING PROTECTED MATERIAL.

26      10.1   Generally.  Without written permission from the Designating Party or a

27  court order secured after appropriate notice to all interested persons, a Party may not file in the

28  public record in this Action any Protected Material.

1    10.2   Procedures for Filing Documents Under Seal.  A Party that seeks to file

2    under seal any Protected Material must comply with Civil Local Rule 79-5.

3    11. FINAL DISPOSITION.  Unless otherwise ordered or agreed in writing by the

4    Producing Party, within sixty days after the final termination of this Action, each Receiving Party

5    must return all Protected Material to the Producing Party.  As used in this subdivision, "all

6    Protected Material" includes all copies, abstracts, compilations, summaries or any other form of

7    reproducing or capturing any of the Protected Material.  With permission in writing from the

8    Designating Party, the Receiving Party may destroy the Protected Material instead of returning it.

9    Whether the Protected Material is returned or destroyed, the Receiving Party, if requested by

10   counsel for another party, must submit a written certification to the Producing Party (and, if not

11   the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by

12   category, where appropriate) all the Protected Material that was returned or destroyed and that

13   affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries

14   or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this

15   provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers,

16   transcripts, legal memoranda, correspondence, expert reports, or attorney work product, even if

17   such materials contain Protected Material.  Any such archival copies that contain or constitute

18   Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION),

19   above.

20   12. MISCELLANEOUS

21   12.1   Right to Further Relief.  Nothing in this Order abridges the right of any

22   person to seek its modification by the Court in the future.

23   12.2   Right to Assert Other Objections.  By stipulating to the entry of this

24   Protective Order no Party waives any right it otherwise would have to object to disclosing or

25   producing any information or item on any ground not addressed in this Stipulated Protective

26   / / /

27   / / /

28   / / /

1    Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of

2    the material covered by this Protective Order.

3    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

4

| DATED: December 22, 2006 | HOPKINS & CARLEY, ALC |
|---|---|
| | By /s/ _____<br>Robert A. Christopher<br>Attorneys for Plaintiff/Defendant/Third Party<br>Plaintiff, Glasforms, Inc. |
| DATED: December 22, 2006 | CAMPBELL, WARBURTON, FITZSIMMONS, SMITH, MENDELL & PASTORE<br><br>By /s/ _____<br>Lisa Jeong Cummins<br>Attorneys for Defendant/Third-Party Defendant, CTG International (North America), Inc. |
| DATED: December 22, 2006 | BAKER & DANIELS, LLP<br><br>By /s/ _____<br>David K. Herzog<br>Attorneys for Defendant/Third-Party Defendant Taishan Fiberglass, Inc. |
| DATED: December 22, 2006 | NOSSAMAN, GUTHNER, KNOX & ELLIOTT, LLP<br><br>By /s/ _____<br>Elaine M. O'Neil<br>Attorneys for Plaintiff Dong Ah Tire & Rubber Co., Ltd. |

**[PROPOSED] ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: January 16, 2007    _____

United States District Court Judge

EXHIBIT A

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

1

2

3    I, _____ [print or type full name], of _____ [print

4    or type full address], declare under penalty of perjury that I have read in its entirety and

5    understand the Stipulated Protective Order that was issued by the United States District Court for

6    the Northern District of California on _____ [date] in the case entitled "*Dong Ah*

7    *Tire and Rubber Co., Ltd. v. Glasforms, Inc.*," case number C 06-03359 JF (RS) (which has been

8    consolidated with the case entitled "*Glasforms, Inc. v. CTG International (North America) Inc. et*

9    *al.*," case number C 06-00213 JF (RS)).  I agree to comply with and to be bound by all the terms

10   of this Stipulated Protective Order and I understand and acknowledge that failure to so comply

11   could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that

12   I will not disclose in any manner any information or item that is subject to this Stipulated

13   Protective Order to any person or entity except in strict compliance with the provisions of this

14   Order.

15        I further agree to submit to the jurisdiction of the United States District Court for the

16   Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

17   Order, even if such enforcement proceedings occur after termination of these consolidated cases.

18
19   Date: _____

20   City and State where sworn and signed: _____

21

22   Printed name: _____
                              [printed name]

23

24   Signature: _____
                         [signature]

25

26

27

28

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

000\466585.5                                    - 14 -

STIPULATION AND [PROPOSED] PROTECTIVE ORDER; CASE NO. C 06-00213 JF (RS)