**\*E-FILED 8/25/08\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DONG AH TIRE & RUBBER CO., LTD., | NO. C 06-3359 JF (RS) |
| Plaintiff, | **ORDER GRANTING MOTION TO COMPEL** |
| v. | |
| GLASFORMS, INC., | |
| Defendant/Third-Party Plaintiff, | |
| v. | |
| CTG INTERNATIONAL (NORTH AMERICA) INC., et al., | |
| Third-Party Defendants. | |

## I. INTRODUCTION

Pursuant to Rules 30, 34, and 37 of the Federal Rules of Civil Procedure, defendant/third-party plaintiff Glasforms, Inc. ("Glasforms") moves to compel third-party defendant Taishan Fiberglass, Inc. ("Taishan") to: (1) produce documents; (2) reduce the confidentiality designation on its document destruction policy; and (3) provide a knowledgeable corporate witness to testify on the remaining deposition topics in compliance with Rule 30(b)(6). For the reasons stated below, the motion will be granted.

1

## II. BACKGROUND[1]

Glasforms, a California corporation, manufactures fiberglass reinforced high voltage insulator rods. Glasforms sells its products to companies, such as plaintiff Dong Ah Tire & Rubber Co., Ltd. ("Dong Ah"). Taishan, a Chinese corporation, makes fiberglass. CTG International (North America), Inc. ("CTG"), which is Taishan's United States distributor, supplied Glasforms with fiberglass in 2004. The fiberglass Taishan manufactured, however, was allegedly contaminated with graphite. Graphite contamination causes fiberglass to conduct electricity, a dangerous latent defect. Glasforms used the graphite contaminated fiberglass to manufacture its insulation products. In October 2004, Glasforms began to suffer mysterious smoking, arcing, and fires in its rod manufacturing process, which coincided with the use of Taishan's fiberglass. On December 8, 2005, Dong Ah notified Glasforms about fifteen instances where the insulator rods caused damage. Shortly thereafter, on January 12, 2006, Glasforms filed a complaint alleging six claims against defendants.[2]

For three days in February 2008, Zhang Guo, Taishan's manager of quality assurance, testified pursuant to Rule 30(b)(6). Zhang, according to Glasforms, was unable to provide knowledgeable testimony on all sixteen topics noticed at the deposition. As a result, Glasforms requested that Taishan produce a knowledgeable and fully prepared witness for the ten topics Glasforms contends were not adequately addressed with Zhang. Taishan refused to produce another witness, insisting that Zhang was the most knowledgeable person at Taishan about the subjects of the suit.

On March 31, 2008, Taishan produced additional documents, along with its document destruction policy. Pursuant to the stipulated protective order, however, Taishan designated its

---

[1] The factual background was taken from the complaint and declarations filed in conjunction with the pending motion.

[2] On May 22, 2006, Dong Ah instituted its own action against Glasforms. Glasforms answered Dong Ah's complaint and filed a third-party complaint against Taishan and CTG that contains the same allegations and claims as those raised in its January 12, 2006 complaint. By stipulation and court order the two cases were consolidated. In September 2007, Dong Ah and Glasforms reached a settlement regarding Dong Ah's claims against Glasforms, and Dong Ah was dismissed from the suit.

2

document destruction policy as "Confidential Attorney's Eyes Only."  Glasforms argues that the policy's designation should be reduced to "Confidential" to permit Glasforms' representatives to evaluate the document.  Consequently, on July 2, 2008, Glasforms filed the instant motion to compel against Taishan.

## IV.  DISCUSSION

A.   <u>All Responsive Documents</u>

Glasforms seeks internal email and other communications between Taishan and CTG, and the documents for which Taishan's corporate designee, Zhang, admits were not searched.  Taishan argues that its productions are complete.  Based on the record, Glasforms is entitled to complain about Taishan's production of documents.  It does not appear that all responsive documents within Taishan's custody and control have been turned over or that a diligent search was undertaken.  In Zhang's deposition, in fact, he stated that Taishan failed to search at all for certain pertinent materials.  Christopher Decl., Ex. Y at 325.  Zhang also hinted that Taishan may have failed to produce documents that were uncovered.  *Id*., Exs. W at 125-26; Y at 350.  Finally, Zhang testified that he did not know whether relevant email was ever the subject of a search.  *Id*., Exs. W at 42; Y at 459.

The information Glasforms seeks is relevant and within the scope of discovery.  Taishan has not presented any valid reason for withholding the requested documents that it has an affirmative duty to produce through a diligent search.  Consequently, Taishan is ordered to produce all internal email regarding the subject matter of this case, communications between Taishan and CTG, relevant documents Taishan identified but did not produce, and the documents for which Zhang admits Taishan did not search.  If no additional documents are uncovered, Taishan is ordered to provide a sworn explanation and certification that a search was conducted, that all relevant documents have been produced, and that no additional non-privileged responsive documents can be located.

B.   <u>Taishan's Document Destruction Policy</u>

Taishan designated its document destruction policy as "Confidential Attorney's Eyes Only," the highest level of confidentiality set forth in the stipulated protective order.  Glasforms seeks to reduce the document destruction policy's designation to "Confidential."  Taishan presents no reason

3

1 why the policy at issue should be treated at such a high level of confidentiality. Indeed, it is
2 standard for companies to maintain document handling policies and Taishan fails to explain how
3 such a record-retention directive would reveal trade secrets or other competitively sensitive
4 information. Accordingly, the designation of that document will be reduced to the "confidential"
5 level as identified in the stipulated protective order.

C.   Taishan's Corporate Designee

Glasforms seeks to conduct another deposition of Taishan's corporate designee under Rule 30(b)(6) because, Glasforms argues, Taishan's previous corporate designee, Zhang, was unable to provide knowledgeable testimony on ten of the sixteen topics noticed at the deposition.[3] Taishan argues that Zhang was not able to testify fully due to a language barrier from Chinese to English and Glasforms' own failure to follow-up Zhang's supposedly insufficient answers with proper questions.

Rule 30(b)6) permits a party to notice a corporation's deposition without specifically naming the individual to be deposed and instead setting forth "with reasonable particularity" the matters on which the examination is requested, so the corporation can designate one or more individuals to testify. The deponent's testimony is the corporation's testimony. *GTE Prods. Corp. v. Gee*, 115 F.R.D. 67, 68 (D. Mass. 1987). "[C]ompanies 'have a duty to make a conscientious, good-faith effort to designate knowledgeable persons for Rule 30(b)(6) depositions and to prepare them to fully and unevasively answer questions about the designated subject matter.'" *Sprint Commc'ns Co., L.P. v. Theglobe.com, Inc.*, 236 F.R.D. 524, 527 (D. Kan. 2006) (quoting *Starlight Int'l, Inc., v. Herlihy*, 186 F.R.D. 626, 639 (D. Kan.1999)). "Notably, and because Rule 30(b)(6) explicitly requires a company to have persons testify on its behalf as to *all matters reasonably available to it*, . . . the Rule 'implicitly requires persons to review all matters known or reasonably available to [the corporation] in preparation for the [Rule] 30(b)(6) deposition.'" *Id*. at 527-28 (quoting *T & W Funding Co. XII, L.L.C. v. Pennant Rent-A-Car*, 210 F.R.D. 730, 735 (D. Kan. 2002)). "In other words, personal knowledge of the designated subject matter by the selected deponent is of no consequence." *Id*. at 528.

---

[3]   The ten topics Glasforms seeks were presented in the Christopher Decl., Ex. V at 2-3.

4

At oral argument, the Court asked for Zhang's complete deposition transcript. After reviewing the deposition testimony, it appears that Zhang was not adequately prepared to testify on Taishan's behalf on ten of the sixteen designated topics. For example, Zhang answered a number of questions with "I don't know" responses such as the following exchange:

> Q. In addition to Web sites and product descriptions, what other forms of communication are employed to promote, market and advertise Taishan's fiberglass products?
>
> A. I don't know. I'm not in charge of that.
>
> Q. Is it true that Taishan has no liability insurance or other insurance coverage of the potential consequences of graphite contamination in its fiberglass products sold to Glasforms?
>
> A. Liability insurance for Taishan? I'm sorry, I don't know. That is not within my scope of responsibility.
>
> . . . .
>
> Q. Oh, I forgot. Do you know whether or not the e-mail files of Taishan's general manager and its president were searched for documents that may be relevant for this case?
>
> A. I don't know.

Christopher Decl., Ex. Y at 458-59; *see id*., Ex. Y at 460. Zhang might have been a knowledgeable deponent if he had learned about what subjects he was supposed to answer more than a day before his deposition. Instead, Zhang's deposition responses were far from adequate. Thus, Taishan is ordered to produce another knowledgeable and fully prepared witness or witnesses for a deposition in San Jose, California, prepared to address the ten topics Zhang did not adequately address — topic nos. 1, 3-5, 10, 12-14, 16. That deponent need not be Zhang.[4]

---

[4] At his juncture, any order about precluding testimony at trial is premature. After the renewed deposition, if Glasforms still seeks a preclusion order, it may proceed before the presiding judge on a motion in limine.

5

## V. CONCLUSION

Accordingly, Glasform's motion to compel is granted as follows:

(1) Taishan shall conduct a diligent search and reasonable inquiry into each of Glasforms' requests for production and to produce all:

    (a) internal email regarding the subject matter of this case;

    (b) communications between Taishan and CTG;

    (c) relevant documents Taishan identified but did not produce; and

    (d) documents for which Zhang admits no search was undertaken;

(2) Taishan shall complete its search and any further production within thirty days of this order. If no documents are found, Taishan shall submit a declaration stating that a search has been made for all responsive documents, explains why any responsive documents could not be produced, or provides the circumstances underwhich the responsive documents were misplaced or destroyed.

(3) Taishan shall reduce its document destruction policy designation from "Confidential Attorney's Eyes Only" to "Confidential."

(4) Taishan shall produce a knowledgeable and fully prepared witness or witnesses to testify in San Jose, California, concerning the ten topics not adequately addressed by Zhang in the prior deposition, specifically topic nos. 1, 3-5, 10, 12-14, 16.

IT IS SO ORDERED.

Dated: August 25, 2008

RICHARD SEEBORG
United States Magistrate Judge

ORDER GRANTING MOTION TO COMPEL
C 06-3359 JF (RS)

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

April E. Sellers     april.sellers@bakerd.com

David K. Herzog     david.herzog@bakerd.com

Eugene Ashley     eashley@hopkinscarley.com, ihernandez@hopkinscarely.com, ihernandez@hopkinscarley.com, jdooley@hopkinscarley.com

Jennifer M. Phelps     jennifer.phelps@bakerd.com, debora.schmid@bakerd.com

Lisa J. Cummins     lcummins@campbellwarburton.com

Noelle Dunn     gcordova@hopkinscarley.com, ndunn@hopkinscarley.com

Robert A. Christopher     rchristopher@hopkinscarley.com, ihernandez@hopkinscarley.com

Sophie N. Froelich     sfroelich@nossaman.com, ntorpey@nossaman.com

Tod C. Gurney     tgurney@hopkinscarley.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

**Dated: 8/25/08**                                                                 **Richard W. Wieking, Clerk**

                                                                                   **By:     Chambers**

ORDER GRANTING MOTION TO COMPEL
C 06-3359 JF (RS)

7