**United States District Court**
For the Northern District of California

**\*E-FILED 9/3/08\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

DONG AH TIRE & RUBBER CO., LTD.,

     Plaintiff,

 v.

GLASFORMS, INC.,

     Defendant/Third-Party Plaintiff,

 v.

CTG INTERNATIONAL
(NORTH AMERICA) INC., et al.,

     Third-Party Defendants.

_____/

NO. C 06-3359 JF (RS)

**ORDER GRANTING IN PART
AND DENYING IN PART
MOTION TO COMPEL**

I. INTRODUCTION

   Pursuant to Rules 30, 34, and 37 of the Federal Rules of Civil Procedure, third-party defendants CTG International (North America), Inc. ("CTG") and Taishan Fiberglass, Inc. ("Taishan") (collectively "defendants") move to compel defendant/third-party plaintiff Glasforms, Inc. ("Glasforms") to: (1) provide information concerning failures of its products from January 1, 2000, until the present in response to production request number fifteen; and (2) answer interrogatory numbers six and nine either with complete substantive responses or by referring to specific pages of documents.  For the reasons stated below, the motion will be granted in part and denied in part.

**United States District Court**
For the Northern District of California

1

2                                                    II. BACKGROUND

3          Glasforms manufactures fiberglass reinforced high voltage insulator rods.  Taishan makes

4   fiberglass.  CTG, which is Taishan's United States distributor, supplied Glasforms with fiberglass in

5   2004.  Glasforms asserts in this third party action that the fiberglass Taishan manufactured and

6   supplied was contaminated with graphite.  Graphite contamination causes fiberglass to conduct

7   electricity, a dangerous latent defect.  Glasforms used the graphite contaminated fiberglass to

8   manufacture its insulation products.  In October 2004, Glasforms alleges that it began to suffer

9   mysterious smoking, arcing, and fires in its rod manufacturing process, which coincided with the use

10  of Taishan's fiberglass.  On December 8, 2005, one of Glasforms' customers reported fifteen

11  instances where the insulator rods caused damage.  Glasforms filed a third party complaint alleging

12  six claims against these defendants on January 12, 2006.

13         Defendants contend that Glasforms' own production process caused the problems of which it

14  complains, as evidenced by the fact that Glasforms experienced electrical failures both before and

15  after it used Taishan's fiberglass to manufacture insulator cores.  Defendants served discovery

16  requests seeking information about failures of Glasforms' products back to 2000.  On July 28, 2006,

17  defendants served Glasforms with document request number fifteen, seeking: "[a]ll documents that

18  constitute, evidence, reflect, record, describe, discuss, refer to or relate to Glasforms's notice,

19  discovery, and/or investigation, at any time, of customer complaints and claims relating to alleged

20  failures of Glasforms's insulator core products."  Sellers Decl., Ex. B.  Glasforms produced a number

21  of documents in 2006 and 2007, but produced almost none describing customer complaints about its

22  products.

23         On January 17, 2008, five days before scheduled depositions of Glasforms' representatives,

24  Glasforms sent defendants 2,000 pages of documents, which included "customer complaint forms"

25  and related files concerning customers who had complained about problems with Glasforms'

26  products.  After the depositions, Glasforms produced another 1,800 pages including: (1) emails that

27  the deposed representatives wrote; (2) Glasforms' technical director and vice president's files; (3)

28  email correspondence from two Glasforms consultants; and (4) emails from other Glasforms

United States District Court

For the Northern District of California

customer representatives, including those who had experienced failures with Glasforms' products not produced with Taishan fiberglass.  Defendants contend that these 3,800 produced pages are the most relevant documents to their defense of the claims brought against them.

Defendants also served interrogatory requests to understand the precise nature of the customer complaints and failures of Glasforms' products disclosed in the 3,800 produced pages.  In particular, interrogatory number six seeks specific details regarding each instance of insulating rod failure.  Sellers Decl., Ex. Q.  Interrogatory number nine asks: "[w]ith respect to each rod failure that you contend is attributable to an act or omission of CTG and/or Taishan, specify by Bates number each document that you contend demonstrates, supports, or relates to your contention that the rod contained glass manufactured by Taishan."  *Id*.

In its responses to interrogatory numbers six and nine, Glasforms refused to provide any information about its product failures before 2003 or after 2007.  Yet, according to defendants, the documents Glasforms produced and the testimony of its witnesses show that Glasforms experienced failures over many years when their products were made without Taishan fiberglass.  For example, Glasforms' corporate witness, Barry White, testified that there was at least one customer complaint regarding Glasforms' insulator rods in 2008.  *Id*., Ex. M at 453.

To the extent Glasforms did respond to interrogatory numbers six and nine, it referenced Fed. R. Civ. P. 33(d) and relied upon "the documents produced by all parties, the parties' prior interrogatory answers, and the testimony given by each witness in this matter," as well as certain documents identified by Bates number.  *Id*., Ex. R.  Defendants argue that it is Glasforms' duty, not theirs, to specify the location of the responsive documents; and consequently filed the instant motion to compel.

In its opposition, Glasforms claims that: (1) the instant motion was filed prematurely in violation of the Civil Local Rules and good faith, as the parties were in the midst of the meet and confer process, as reflected by Glasforms' agreement to supplement its response to interrogatory number six, and its subsequent filing of that response; (2) it properly and reasonably relied on Fed. R. Civ. P. 33(d) for much of its response to interrogatory number six because the product failures before 2003 and after 2007 are irrelevant; and (3) the response to interrogatory number nine is

**United States District Court**
For the Northern District of California

1   complete in that it only seeks the identification of documents by Bates number, which Glasforms

2   provided.

3                                III.  DISCUSSION

4   A.      Document Request Number Fifteen

5           Defendants seek an answer to production request number fifteen concerning failures of its

6   products from January 1, 2000, until the present.  Glasforms states that it has provided information

7   on failures beginning two years before any of the insulating core rods were sold and two years after

8   the majority of failures occurred and were reported in 2005.  Glasforms suggests that those five

9   years provide an adequate time-frame within which to explore the nature of the failures relevant to

10  the defenses asserted.  Glasforms argues that the additional discovery sought is therefore completely

11  unnecessary and unreasonable.  Glasforms also maintains that because the original discovery cut-off

12  date was December 15, 2007, it is reasonable to limit its production to that date.

13          Limiting Glasforms' production obligation to the original discovery cut-off date is

14  appropriate.  At the same time, defendants are entitled to discover information about Glasforms'

15  product failures covering the period before Glasforms began using Taishan's fiberglass in order to

16  develop their defense.  As defendants raise in their reply, the period prior to 2004 — the time period

17  before Glasforms began manufacturing products with Taishan fiberglass — may be relevant as

18  reflecting alternative reasons for product defects.  Consequently, Glasforms must produce

19  documents responsive to request number fifteen for the period January 1, 2000, through December

20  15, 2007.

21  B.      Interrogatory Number Six

22          Interrogatory number six by its terms may lead to the discovery of information relevant to the

23  defense that Glasforms' own manufacturing process caused the failures at issue.  Glasforms states

24  that the information defendants seek in interrogatory number six is not directly known because

25  Glasforms' customers voluntarily reported any failures.  That is, to the extent Glasforms has the

26  information defendants seek, that information is found in the documents Glasforms' customers

27  provided.  Glasforms contends that to compile a summary of these documents is burdensome and

28  unnecessary because the information requested has already been provided to defendants in the list of

4

1   documents identified by Bates number.

2        Except to the extent that Glasforms' response is unduly restricted as to time period and

3   should be extended back to January 1, 2000, it has satisfied its discovery obligations in connection

4   with this request by adopting the option set forth in Rule 33(d) designating produced documents by

5   Bates number. *See United States ex rel Englund v. Los Angeles County*, 235 F.R.D. 675, 680 (E.D.

6   Cal. 2006 ("[W]here the information is contained in business records and answering the question

7   would require the responding party to engage in burdensome or expensive research, the responding

8   party may answer by specifying the records from which the answer may be obtained . . . ."). The

9   motion to compel a further response to interrogatory number six is therefore granted in part and

10  denied in part. Glasforms shall answer that interrogatory for period commencing January 1, 2000, as

11  described above.[1]

12  C.    <u>Interrogatory Number Nine</u>

13       Interrogatory number nine similarly requests information potentially relevant to the defense

14  that Glasforms' own manufacturing process caused the failures at issue. Glasforms' answer to

15  interrogatory number nine, with the exception of the unduly restrictive time frame imposed, appears

16  to be adequate. Defendants asked for Glasforms to identify each document by Bates number, which

17  Glasforms did. Interrogatory number nine asks for nothing more. Therefore, defendants' motion to

18  compel is granted in part and denied in part. Glasforms shall produce a response to interrogatory

19  number nine for the period commencing January 1, 2000.

20

21

22

23

24

25

26       [1]      It is troubling that defendants filed this motion while it appeared both parties were
27  still working on interrogatory number six. As of July 14-15, 2008, only seven to eight days prior to
    the filing of this motion, the parties were communicating and amending the interrogatory.
28  Glasforms agreed to supplement its answer, which it filed on August 6, 2008. Instead, defendants
    did not wait to file its motion to compel.

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1

2                                    IV. CONCLUSION

3          Accordingly, defendants' motion to compel is granted in part and denied in part as follows:

4          (1) Glasforms shall produce documents beginning January 1, 2000, that respond to document

5    request number fifteen.  To the extent defendants seek documents pertaining to that request for the

6    period after December 15, 2007, the original discovery cut-off date, the motion is denied.

7          (2) Glasforms shall produce responses to interrogatory numbers six and nine for the period

8    beginning January 1, 2000.

9          (3) The motion is denied in all other respects.

10         IT IS SO ORDERED.

11

12   Dated: September 3, 2008                    _____

13                                               RICHARD SEEBORG
                                                 United States Magistrate Judge
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL
C 06-3359 JF (RS)

                                      6

**United States District Court**
For the Northern District of California

1

2   **THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

3   April E. Sellers      april.sellers@bakerd.com

4   David K. Herzog      david.herzog@bakerd.com

5   Eugene Ashley      eashley@hopkinscarley.com, ihernandez@hopkinscarely.com,
    ihernandez@hopkinscarley.com, jdooley@hopkinscarley.com
6
    Jennifer M. Phelps      jennifer.phelps@bakerd.com, debora.schmid@bakerd.com
7
    Lisa J. Cummins      lcummins@campbellwarburton.com
8
    Noelle Dunn      gcordova@hopkinscarley.com, ndunn@hopkinscarley.com
9
    Robert A. Christopher      rchristopher@hopkinscarley.com, ihernandez@hopkinscarley.com
10
    Sophie N. Froelich      sfroelich@nossaman.com, ntorpey@nossaman.com
11
    Tod C. Gurney      tgurney@hopkinscarley.com
12

13   Counsel are responsible for distributing copies of this document to co-counsel who have not
     registered for e-filing under the Court's CM/ECF program.
14

15   **Dated: 9/3/08**                                      **Richard W. Wieking, Clerk**

16
                                                    **By:** _____**Chambers**_____
17

18

19

20

21

22

23

24

25

26

27

28
     ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL
     C 06-3359 JF (RS)