**E-Filed 3/10/09**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DONG AH TIRE & RUBBER CO., LTD, <br><br>            Plaintiff, <br><br>    v. <br><br> GLASFORMS, INC., <br><br>            Defendant/Third-Party Plaintiff. <br><br>    v. <br><br> CTG INTERNATIONAL (NORTH AMERICA) INC., and TAISHAN FIBERGLASS, INC., <br><br>            Third-Party Defendants. | Case Number C 06-3359 JF (RS) <br><br> **ORDER[1] DENYING MOTION FOR LEAVE TO AMEND** <br><br> RE: Docket No. 183 |

### I. BACKGROUND

Glasforms filed its third-party complaint in this action on July 26, 2006, alleging that raw fiberglass that it purchased from CTG International (North America), Inc. ("CTG") was

---

[1] This disposition is not designated for publication in the official reports.

contaminated with graphite, causing insulator rods that Glasforms manufactured to be electrically conductive and therefore to fail when energized. CTG and Taishan Fiberglass, Inc., CTG's parent and the manufacturer of the fiberglass ("Taishan"; collectively, "Defendants") deny that graphite contamination caused the failures, and maintain that Glasforms' own production processes were responsible. Glasforms now contends that analysis by its experts indicates that defective "sizing" of Defendants' products could have caused the failures independent of whether Defendants' glass also was contaminated by graphite. Glasforms claims that this analysis, combined with earlier purported "admissions" by Defendants that the graphite theory was intentionally misleading, indicates that Defendants committed fraud in identifying graphite as a potential culprit. Accordingly, Glasforms now seeks leave to file an amended complaint alleging intentional fraud. For the reasons set forth below, the motion will be denied.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings.[2] The Ninth Circuit has held that in light of Rule 15(a)'s "strong policy" of permitting amendments to pleadings, the rule should be applied with "extreme liberality." *DCD Programs, LTD v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987); *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973). However, leave to amend "is not to be granted automatically." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). Rather, a court must consider whether the proposed amendment (1) would be futile, (2) would prejudice the non-moving party, (3) was brought in

---

[2] Defendants contend that Glasforms' motion should be governed by Rule 16, which requires a showing of "good cause" when amendment is sought after the pleadings have closed pursuant to a scheduling order. The standard "primarily considers the diligence of the party seeking the amendment." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). Defendants likely are correct that Rule 16 applies. This Court has issued four scheduling orders imposing deadlines on the filing of dispositive motions. While these orders were entered on the parties' stipulation and did not include specific deadlines governing the amendment of pleadings, such deadlines of course assume the closure of the pleadings. Nonetheless, because Glasforms' motion for leave to amend fails even the more liberal standard of Rule 15(a), the Court need not address the "good cause" requirements of Rule 16.

bad faith, or (4) resulted from undue delay. *Genentech, Inc. v. Abbott Labs.*, 127 F.R.D. 529, 530 (N.D. Cal. 1989). The Ninth Circuit has "often affirmed the denial of leave to amend when the motion was made after the cutoff date for such motions, or when discovery had closed or was about to close." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 957-58 (9th Cir. 2006) (citing *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir.2002); *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 983, 986 (9th Cir.1999)).

### III. DISCUSSION

Since Defendants carry the burden of showing why leave to amend should not be granted, *Genentech*, 127 F.R.D. at 530-31, the Court begins by considering their arguments in opposition to the proposed amendment. Defendants contend that amendment (1) would be futile because the record does not support a claim of fraud, (2) would cause substantial prejudice to Defendants, and (3) is the result of unreasonable delay.[3]

**A.    Futility**

In urging denial of leave to amend on the basis of futility, Defendants bear a particularly heavy burden. The Court must be satisfied that "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) (noting that the "proper test [for] determining the sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6)"). The showing of futility must be "strong" to warrant a departure from the liberal application of Rule 15(a).

Defendants argue that Glasforms' theory of fraud is defective on its face. They contend that regardless of whether the deposition testimony of their officers called into doubt the quality or accuracy of their informal, internal, pre-litigation investigative report on the cause of the failures, they consistently have denied that graphite contamination was the cause. They also point out that Glasforms' expert reports do not in any way "prove" that graphite *or* some other

---

[3] Defendants do not assert that Glasforms brings its motion for leave to amend in bad faith.

3

purported defect was responsible for the subject product failures, and that the purported "admission" that the informal investigation report improperly identified graphite as the cause of the failures hardly demonstrates that Defendants "lied."[4] The Court agrees that Glasforms' theory appears to be both logically strained and factually problematic. Nonetheless, Glasforms is not moving for summary adjudication that fraud occurred, but merely for leave to amend. While the fraud claim appears to have a tenuous basis in the record and to be fraught with contradictions, the Court cannot say that no set of facts could establish fraud. Thus, if futility were the only ground on which Defendants opposed the motion for leave to amend, their efforts would be unavailing. Futility, however, is only one of the four relevant factors.

**B.    Prejudice**

A showing of prejudice must be substantial to overcome Rule 15(a)'s liberal policy with respect to the amendment of pleadings. *Genentech*, 127 F.R.D. at 530-31. Neither delay resulting from the proposed amendment nor the prospect of additional discovery needed by the non-moving party in itself constitutes a sufficient showing of prejudice. *DCD Programs*, 833 F.2d at 187; *Genentech*, 127 F.R.D. at 530-31; *United States v. Continental Ill. Nat'l Bank and Trust Co. of Chicago*, 889 F.2d 1248, 1255 (2d Cir. 1989). Nonetheless, "[d]istrict courts do not abuse their discretion when they deny motions to amend that would cause undue delay and prejudice." *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798 (9th Cir. 1991); *see also Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) ("A need to reopen

---

[4] With respect to the "admission" by CTG's Zhicun Li that the earlier report was a "lie," the purported admission consists of the following statement in Mr. Li's deposition in response to the question of whether the report was false:
> My answer is based on the needs or the requests of the customer. We did not engage in any activities that adversely impacted the interests of a third party. Our understanding was that they made requests of us to have certain documents written in a certain way. At the time, we didn't really think very deeply into this.

While certainly evasive, Mr. Li's statement hardly is an admission. Mr. Li may well have been referring to the fact that the report was an internal, unsigned, unofficial report prepared in order to identify the problem, and given to Glasforms as a courtesy. Moreover, the report states expressly that while graphite was known to come into contact with the product at certain points in the manufacturing process, Defendants did not believe that this contamination was the cause of the rod failures.

4

discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend.").

Defendants have articulated several forms of prejudice that purportedly would flow from an order granting leave to amend. They observe that fact discovery closed in late August 2008, that the last day to file dispositive motions pursuant to this Court's scheduling order was September 22, 2008, and that they have had no opportunity to conduct discovery with respect to the alleged fraud or to move for summary adjudication as to that claim. Moreover, because Glasforms now requests punitive damages in connection with the proposed fraud claim, Defendants contend that the lack of relevant discovery is particularly prejudicial. The Court largely agrees. If leave to amend were granted, Defendants would be entitled to further discovery from Glasforms' fact witnesses with respect to the proposed fraud claim, thus delaying the proceedings, further increasing the costs of this already protracted litigation, and causing substantial prejudice to Defendants.[5]

**C.    Unreasonable delay**

While delay alone will not justify the denial of leave to amend, *DCD Programs*, 833 F.2d at 186, "late amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." *Acri v. International Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986) (citations omitted). In depositions taken in September 2006, Glasforms aggressively asserted that CTG and Taishan had "lied" in suggesting graphite contamination in their internal report summarizing the informal investigation of the rod failures. Glasforms therefore knew the alleged facts giving rise to its fraud claim. To justify its lengthy delay in bringing the instant motion, Glasforms argues that the fraud was not confirmed until its own experts provided an alternative explanation for the rod failures–an explanation that Glasforms claims Defendants sought to suppress by focusing deceptively on graphite contamination as the

---

[5] The Court also is sympathetic to Defendants' underlying concern that Glasforms, which for three years has argued graphite contamination as the cause of the failures, now is seeking to acquire "litigation insurance" in the form of an alternative theory.

potential culprit.  Setting aside Defendants' consistent denial of the graphite explanation both in the internal report they provided to Glasforms and throughout this litigation, it is clear that Glasforms had knowledge of the factual predicate of the proposed fraud claim.  Under the present circumstances, this knowledge warrants denial of leave to amend.  *See Chodos v. West Publishing Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (affirming denial of leave to amend where plaintiff sought to add a fraud after "*learn[ing] new facts that supported that claim* shortly before the close of discovery" because the relevant *facts* had been known to plaintiff); *Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515, 1520 (9th Cir. 1983) (affirming denial of leave to amend where amendment would have changed the legal theory and likely would have been futile on the merits).  Glasforms' explanation of its delay appears to be driven by frustration with the course of discovery, during which Glasforms may have focused unduly on graphite contamination.  That frustration fails to justify Glasforms' untimely motion.

## IV. DISPOSITION

Glasforms' assertion that graphite contamination was responsible for the subject failures and its simultaneous claim that Defendants "lied" in pointing to graphite contamination as a cause of the failures obviously is inconsistent.  This inconsistency might be acceptable at an earlier phase in the proceedings,[6] but for the reasons set forth above it will not be permitted at this late date.  Allowing Glasforms to assert a fraud claim at this stage in the litigation would result in substantial prejudice to Defendants.  In addition, Glasforms' cannot argue credibly that its substantial delay was justified because the alleged fraud was not "revealed" until the opinions of its own experts somehow supplied a previously absent "motivation" for Defendants' conduct.  Even under the liberal standard governing the amendment of pleadings, "[a] party is not entitled to wait until the discovery cutoff date has passed and a motion for summary judgment has been filed on the basis of claims asserted in the original complaint before introducing entirely different legal theories in an amended complaint." *Priddy v. Edelman*, 883 F.2d 438, 446-47

---

[6] "A party may plead alternative theories of liability, even if those theories are inconsistent or independently sufficient. Further, a party may allege inconsistent factual allegations." *Cellars v. Pac. Coast Packaging, Inc.*, 189 F.R.D. 575, 578 (N.D. Cal. 1999).

(6th Cir. 1989). Glasforms' motion runs afoul of this prohibition and must be denied.

**IT IS SO ORDERED.**

DATED: 3/10/09

JEREMY FOGEL
United States District Judge

7

1  This Order has been served electronically upon the following persons:

2  April E. Sellers     april.sellers@bakerd.com

3  David K. Herzog     david.herzog@bakerd.com

4  Eugene Ashley     eashley@hopkinscarley.com, ihernandez@hopkinscarely.com,
5  ihernandez@hopkinscarley.com, jdooley@hopkinscarley.com

6

7  Jennifer M. Phelps     jennifer.phelps@bakerd.com, debora.schmid@bakerd.com

8  Kevin M. Toner     kevin.toner@bakerd.com, judy.ferber@bakerd.com

9  Lisa J. Cummins     lcummins@campbellwarburton.com

10 Noelle Dunn     gcordova@hopkinscarley.com, ndunn@hopkinscarley.com

11
   Robert A. Christopher     rchristopher@hopkinscarley.com, ihernandez@hopkinscarley.com
12
   Sophie N. Froelich     sfroelich@nossaman.com, ntorpey@nossaman.com
13

14 Tod C. Gurney     tgurney@hopkinscarley.com

15 Notice has been delivered by other means to:

16 Glasforms Inc.,
17 William Whitcom Faulkner
   McManis, Faulkner & Morgan
18 50 West San Fernando St., Suite 1000
19 San Jose, CA 95113

20

21

22

23

24

25

26

27

28

Case No. C 06-3359 JF (RS)
ORDER DENYING MOTION FOR LEAVE TO AMEND
(JFLC3)