**\*\*E-Filed 4/13/09\*\***

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONG AH TIRE & RUBBER CO., LTD., a Korean corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>GLASFORMS, INC., et al., a California corporation,<br><br>    Defendant/Third-Party Plaintiff,<br><br>    v.<br><br>CTG INTERNATIONAL (NORTH AMERICA) INC., an Indiana corporation; TAISHAN FIBERGLASS, INC., a corporation organized under the laws of the People's Republic of China,<br><br>    Third-Party Defendants.<br>_____/ | No. 5:06 CV 3359 JF (RS)<br><br>ORDER DENYING MOTION TO FILE DOCUMENTS UNDER SEAL |

    THIS MATTER is before the Court on an administrative motion filed by Glasforms, Inc. ("Glasforms") to file certain documents under seal. Glasforms, Inc.'s Administrative Motion to File Documents Under Seal, filed February 27, 2009. The documents in question are (1) Exhibits A and B to the Declaration of Noelle R. Dunn in Support of Glasforms's Supplemental Brief in Support of Motion for Sanctions Due to Spoliation of Evidence, and (2) those portions of the Supplemental Brief which quote and/or reference these two exhibits.

1   Exhibits A and B are portions of deposition transcripts from Taishan Fiberglass, Inc.'s
2   employee Guo Zhang.  During the course of his deposition, Mr. Zhang designated portions of his
3   testimony as "Highly Confidential – Attorney's Eyes Only" and "Confidential," pursuant to the
4   protective order previously entered by the undersigned.  *See* Stipulation and Protective Order, filed
5   January 16, 2007, at 2 (defining "Highly Confidential – Attorney's Eyes Only" and "Confidential").

6   Glasforms filed its Supplemental Brief in Support of Motion for Sanctions Due to Spoliation
7   of Evidence on February 27, 2009, accompanied by the instant motion to seal.  Since that date, no
8   other party has responded to the motion to seal, either affirmatively or in opposition.

9   The Ninth Circuit has explained the general standard for motions to seal, such as this one, as
10  follows: "[A] 'compelling reasons' standard applies to most [motions to seal] judicial records. . . .
11  Under the 'compelling reasons' standard, a district court must weigh relevant factors, base its
12  decision on a compelling reason, and articulate the factual basis for its ruling . . . without relying on
13  hypothesis or conjecture." *Pintos v. Pac. Creditors Ass'n*, 504 F.3d 792, 801-02 (9th Cir. 2007)
14  (internal citation and quotation marks omitted) (second alteration original).  "Relevant factors"
15  include the "public interest in understanding the judicial process and whether disclosure of the
16  material could result in improper use of the material for scandalous or libelous purposes or
17  infringement upon trade secrets." *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir.1995)
18  (internal quotation marks omitted).  The Ninth Circuit went on to state unequivocally:  "An order
19  that fails to articulate its reasoning must be vacated and remanded because [m]eaningful appellate
20  review is impossible when the appellate panel has no way of knowing whether relevant factors were
21  considered and given appropriate weight." *Pintos*, 504 F.3d at 802 (internal quotation marks
22  omitted) (alteration original).

23  In this case, the only argument before the Court regarding the "relevant factors" analysis is
24  Glasforms's statement that its attorneys were informed that Mr. Zhang designated his testimony as
25  confidential "because it contains confidential, proprietary and commercially sensitive information."
26  Declaration of Noelle R. Dunn in Support of Glasforms, Inc.'s Administrative Motion to File
27  Documents Under Seal, filed February 27, 2009, at 2; *see also* Motion to File Documents Under
28  Seal, *supra*, at 2 (making a similar representation).  This vague statement does not enable the
    undersigned to assess in a serious way the documents' impact on the "public interest in

understanding the judicial process," nor their potential for "improper use . . . for scandalous or libelous purposes or infringement upon trade secrets." *Hagestad*, 49 F.3d at 1434.

As no party — including Taishan Fiberglass, Inc., the party whose employee seeks to protect his testimony — has provided the Court with any meaningful argument as to why the motion to seal should be granted, the case for sealing Exhibits A and B is unpersuasive. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1181 (2006) (denying a motion to seal, and noting that the party advocating for secrecy had a chance to show "compelling reasons" but "squandered it").

Accordingly, Glasforms's motion is denied. Glasforms shall have three business days from the filing of this order in which to file an unsealed, unredacted version of its supplemental brief and accompanying documents.

IT IS SO ORDERED.

Dated:  4/13/09

RICHARD SEEBORG
United States Magistrate Judge

3